UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE L. FRAZIER, #230907,

    Plaintiff,

v.

    CASE NO. 05-CV-73954-DT
    HONORABLE LAWRENCE P. ZATKOFF

RENEE RANEY, et al.,

    Defendants.
    _____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.    Introduction

The Court has before it Plaintiff Willie L. Frazier's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as his motion for immediate consideration. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is state prisoner currently confined at the Boyer Road Correctional Facility in Carson City, Michigan. In his complaint, Plaintiff challenges the revocation of his parole and his continued imprisonment. Defendants are Parole Agent Renee Raney, Parole Office Supervisor Bradford Curry, Saginaw County Area Corrections Manager Louise Hoskins, Michigan Parole Board Member Artina Hardman, and Parole Board Chairperson John Rubitschun. Plaintiff seeks a writ of habeas corpus releasing him from custody, as well as other appropriate relief.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court also denies Plaintiff's motion for immediate consideration.

**II.     Discussion**

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

Plaintiff asserts that the defendants have unconstitutionally revoked his parole and continued his incarceration. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Plaintiff, however, actually seeks habeas corpus relief because his parole revocation claim concerns the validity of his continued confinement. Such a claim is not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The United States Supreme Court has recently affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, _ U.S. _, _, 125 S. Ct. 1242, 1248 (2005). Because Plaintiff challenges his parole revocation and his continued imprisonment and seeks relief from custody, his § 1983 complaint must be dismissed.

### III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

Given this determination, the Court **DENIES** Plaintiff's motion for immediate consideration as moot.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: November 18, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 18, 2005.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290